IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LEATRICE COX,

    Plaintiff,

vs.

MICHAEL J. ASTRUE,
Commissioner of Social Security,

    Defendant.

No. CIV S-05-1384 GEB DAD

FINDINGS AND RECOMMENDATIONS

/

    This matter is before the court on plaintiff's fully briefed motion for attorney fees pursuant to the Equal Access to Justice Act ("EAJA").

    Plaintiff brought this action seeking judicial review of a final administrative decision denying her application for Supplemental Security Income (SSI) benefits under Title XVI of the Social Security Act ("the Act"). On September 9, 2011, following the filing of a motion for summary judgment by plaintiff and a cross-motion for summary judgment by defendant, the undersigned filed findings and recommendations recommending that plaintiff's motion for summary judgment be granted, the decision of the Commissioner be reversed and that this action be remanded further proceedings. Therein the court recommended that due to the Administrative Law Judge's ("ALJ's") failure to address the statement of a third party witness, this matter should be remanded for the purpose of allowing the ALJ to consider that third-party

1

statement and to determine whether, if that statement were credited, additional limitations not previously considered were applicable in assessing plaintiff's Residual Functional Capacity. Those findings and recommendations were adopted in full by the assigned District Judge on September 28, 2011.

On December 27, 2011, plaintiff filed a motion for attorney fees seeking a fee award of $8,772.90 for 49.7 hours of attorney time expended in connection with this action. The 49.7 hours sought represents 18.1 hours expended by attorney Sengthiene Bosavanh from to 2008 through 2011, and 31.6 hours expended by attorney Jeffrey Baird in 2011. On January 17, 2012, defendant filed an opposition to plaintiff's motion for attorney fees. Therein, defendant argues that the government was substantially justified in defending the ALJ's decision and that the amount of hours expended by plaintiff's counsel in connection with this action were unreasonable. Plaintiff filed a reply on January 27, 2012.

The EAJA provides that "a court shall award to a prevailing party . . . fees and other expenses . . . incurred by that party in any civil action . . . brought by or against the United States . . . unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). See also Gisbrecht v. Barnhart, 535 U.S. 789, 796 (2002). A "party" under the EAJA is defined as including "an individual whose net worth did not exceed $2,000,000 at the time the civil action was filed[.]" 28 U.S.C. § 2412(d)(2)(B) (i). The term "fees and other expenses" includes "reasonable attorney fees." 28 U.S.C. § 2412(d)(2)(A). "The statute explicitly permits the court, in its discretion, to reduce the amount awarded to the prevailing party to the extent that the party 'unduly and unreasonably protracted' the final resolution of the case." Atkins v. Apfel, 154 F.3d 986, 987 (9th Cir. 1998) (citing 28 U.S.C. §§ 2412(d)(1)(C) & 2412(d)(2)(D)).

A party who obtains a remand in a Social Security case is a prevailing party for purposes of the EAJA. Shalala v. Schaefer, 509 U.S. 292, 300-01 (1993) ("No holding of this Court has ever denied prevailing-party status . . . to a plaintiff who won a remand order pursuant

to sentence four of § 405(g) . . . , which terminates the litigation with victory for the plaintiff.") . "An applicant for disability benefits becomes a prevailing party for the purposes of the EAJA if the denial of her benefits is reversed and remanded regardless of whether disability benefits ultimately are awarded."  Gutierrez v. Barnhart, 274 F.3d 1255, 1257 (9th Cir. 2001).

        Here, the undersigned finds that plaintiff is the prevailing party.  Moreover, the undersigned finds that plaintiff did not unduly delay this litigation, and that her net worth did not exceed two million dollars when this action was filed.  With respect to the position taken by the Commissioner, defendant argues that the position of the Commissioner was substantially justified because "[b]ased on Circuit precedent and the factual record, the Commissioner reasonably argued that because [the third-party's] statements simply repeated Plaintiff's non-credible complaints, any error the ALJ made was harmless."  (Def.'s Opp'n. (Doc. No. 46) at 5.)  The undersigned, however, finds that argument unpersuasive.  See Stout v. Commissioner, Social Sec. Admin., 454 F.3d 1050, 1055-56 (9th Cir. 2006) (court could not conclude that "an ALJ's silent disregard of lay testimony about how an impairment limits a claimant's ability to work was harmless"); see also Robbins v. Social Sec. Admin., 466 F.3d 880, 885 (9th Cir. 2006) ("[W]e have only found harmless error when it was clear from the record that an ALJ's error was 'inconsequential to the ultimate nondisability determination,'" and "had never found harmless an 'ALJ's silent disregard of lay testimony about how an impairment limits a claimant's ability to work.'") (citing Stout, 454 F.3d at 1055-56); Gordon v. Astrue, No. 2:10-CV-1198 GGH, 2011 WL 3740832, at *8 (E.D. Cal. Aug. 24, 2011) (finding the ALJ's failure to address third-party statements was not harmless error where the statements corroborated plaintiff's testimony and complaints); Steele v. Astrue, No. CIV S-10-794 JFM (TEMP), 2011 WL 2709273, at *2 (E.D. Cal. July 12, 2011) (finding the ALJ's failure to consider third party statements could not be found harmless); Fonseca v. Astrue, No. EDCV 10-00470-MAN, 2011 WL 2412627, at *3 (C.D. Cal. June 10, 2011) ("Ms. Munoz's testimony both corroborates and expands upon plaintiff's testimony, and thus, contrary to defendant's contention, the ALJ's failure to address Ms.

Munoz's testimony cannot be dismissed as harmless error."); Conley v. Astrue, No. 1:10-cv-00336 SKO, 2011 WL 1806968, at *10 (E.D. Cal. May 10, 2011) (finding the ALJ's failure to discuss third party testimony pertaining to plaintiff's ability to work was not harmless error).

The undersigned also finds that the position of the Commissioner was not substantially justified. See Corbin v. Apfel, 149 F.3d 1051, 1053 (9th Cir. 1998) ("While the government's defense on appeal of an ALJ's procedural error does not automatically require a finding that the government's position was not substantially justified, the defense of basic and fundamental errors such as the ones in the present case is difficult to justify."); Sampson v. Chater, 103 F.3d 918, 921-22 (9th Cir. 1996) (finding no substantial justification where the Commissioner "did not prove that her position had a reasonable basis in either fact or law" and "completely disregarded substantial evidence" of the onset of disability).

Turning to the question of the amount of fees sought by plaintiff's counsel, the EAJA expressly provides for an award of "reasonable" attorney fees. 28 U.S.C. § 2412(d)(2)A). Under the EAJA, hourly rates for attorney fees have been capped at $125.00 since 1996, but district courts are permitted to adjust the rate to compensate for an increase in the cost of living.[1] See 28 U.S.C. § 2412(d)(2)(A); Sorenson v. Mink, 239 F.3d 1140, 1147-49 (9th Cir. 2001); Atkins v. Apfel, 154 F.3d 986, 987 (9th Cir. 1998). Determining a reasonable fee "'requires more inquiry by a district court than finding the product of reasonable hours times a reasonable rate.'" Id. at 988 (quoting Hensley v. Eckerhart, 461 U.S. 424, 434 (1983)). The district court must consider "'the relationship between the amount of the fee awarded and the results obtained.'" Id. at 989 (quoting Hensley, 461 U.S. at 437).

/////

---

[1] In accordance with Thangaraja v. Gonzales, 428 F.3d 870, 876-77 (9th Cir. 2005), and Ninth Circuit Rule 39-1.6, the Ninth Circuit Court of Appeals maintains a list of the statutory maximum hourly rates authorized by the EAJA, as adjusted annually. The rates may be found on the Court's website. See http://www.ca9.uscourts.gov. Here, plaintiff's requested rates are consistent with the statutory maximum rates established by the Ninth Circuit.

1  Here, plaintiff's attorneys obtained an order for a new hearing despite defendant's
2  cross-motion for summary judgment.  Moreover, though defendant argues that plaintiff's
3  "request for over almost 50 hours for this average and routine district court case is
4  unreasonable," the undersigned disagrees, and finds the claimed 49.7 hours to be a reasonable
5  amount of attorney time to have expended on this matter.  While the issues presented may have
6  been straightforward, 49.7 hours can be fairly characterized as comparable to the amount of time
7  devoted to similar tasks by counsel in like social security appeals coming before this court.
8  See Boulanger v. Astrue, No. CIV S-07-0849 DAD, 2011 WL 4971890, at *2 (E.D. Cal. Oct. 19,
9  2011) (finding 58 hours to be a reasonable amount of time); Watkings v. Astrue, No. CIV S-06-
10 1895 DAD, 2011 WL 4889190, at *2 (E.D. Cal. Oct. 13, 2011) (finding 62 hours to be a
11 reasonable amount of time); Vallejo v. Astrue, No. 2:09-cv-03088 KJN, 2011 WL 4383636, at
12 *5 (E.D. Cal. Sept. 20, 2011) (finding 62.1 hours to be a reasonable amount of time); Dean v.
13 Astrue, No. CIV S-07-0529 DAD, 2009 WL 800174, at *2 (E.D. Cal. Mar. 25, 2009) (finding 41
14 hours to be a reasonable amount of time).

15 Nonetheless, after carefully reviewing the pending motion, the undersigned does
16 find that a reduction in the amount of compensated time is warranted in this case.  Specifically,
17 the undersigned finds that the billing statement provided by plaintiff's counsel in support of the
18 time expended by attorney Sengthiene Bosavanh, repeatedly reflects the billing of  0.1 hours (six
19 minutes) for routine tasks that in fact would reasonably require less than 0.1 hours to complete.
20 Thus, the aggregation of these .1 entries results in the billing of significantly more time than was
21 likely actually expended on the noted tasks.

22 One Magistrate Judge of this court has explained the issue posed by the nature of
23 similar billing entries by attorney Bosavanh, as follows:

> Six-minute billing increments, which is how Ms. Bosavanh's time
> entries are recorded and presented, can be problematic when small
> tasks that require less than six minutes are recorded separately.
> Six-minute billing increments can result in a rounding-up that
> over-calculates the time actually spent on the tasks in total.  Thus,

> for example, when eight separate tasks that require one minute each (for a total of eight minutes of time) are billed as eight discrete six-minute tasks, the billing reflects 48 minutes of time. In other words, eight minutes of actual time spent generates billing entries of 48 minutes. Repeated 0.1 entries (six minutes) for tasks that require less than six minutes each will ultimately reflect more time than that actually expended.

Coronado v. Astrue, No. 1:10-cv-00594-AWI-SKO, 2012 WL 1372804, at *3 (E.D. Cal. Apr. 19, 2012). Moreover, the order in the Coronado case was not the first time attorney Bosavanh had been apprised of the court's concern in this regard. See Castro v. Astrue, No. 1:10-cv-01092-AWI-SKO, 2012 WL 1292524 (E.D. Cal. Apr. 13, 2012); Green v. Astrue, No. 1:10-cv-00935-AWI-SKO, 2012 WL 1232300 (E.D. Cal. Apr. 12, 2012); Em v. Astrue, No. 1:10-cv-01414-LJO-SKO, 2012 WL 691669 (E.D. Cal. Mar. 2, 2012); Pao Mee Xiong v. Astrue, No. 1:10cv01135 AWI DLB, 2012 WL 570052 (E.D. Cal. Feb. 21, 2012); Chanthavong v. Astrue, No. 1:09-cv-1561 SKO, 2011 WL 6751930 (E.D. Cal. Dec. 23, 2011); Adkins v. Astrue, No. 1:09-cv-02031-SKO, 2011 WL 5299297 (E.D. Cal. Nov. 2, 2011); Kimzey v. Commissioner of Social Sec., No. 1:09-cv-01808 JLT, 2011 WL 5101941 (E.D. Cal. Oct. 25, 2011).

Here, counsel has listed 14 billing entries, each for 0.1 hours of time, for "Telephone call from client."[2] (Doc. 44-2 at 2-3.) Some entries simply state "Telephone call from client" while others state "Telephone call from client re: status," or "Telephone call from client re: update new address." (Id.) In addition to the court's concern regarding the possible over-calculating of time expended on these phone calls, the "extreme lack of detail of . . . Ms. Bosavanh's time statements makes it impossible for the Court to analyze the nature" of the entries and "[s]uch nebulous entries provide no clue whether the purpose of the telephone call reasonably required it to be handled by an attorney . . ." Reyna v. Astrue, No. 1:09-cv-00719-SMS, 2011 WL 6100609, at *2. (E.D. Cal. Dec. 6, 2011). Accordingly, the time billed by

/////

---

[2] The undersigned has excluded from this total telephone calls that lasted longer than 0.1 hours.

6

attorney Bosavanh with respect to these .1 entries should be reduced by one-half, resulting in a reduction 0.7 hours in the total amount of attorney time to be compensated.

Counsel's billing statement also reflects another thirteen entries, each for 0.1 hours, for "Review minute order from judge," "Review designation for counsel for service notice," "Review proposed order granting motion to reopen," "Review order signed by judge granting motion to reopen," "Review order substituting attorney signed by judge," "Review answer by OGC attorney," "Review notice of lodging administrative transcript," "Review certificate of service by CSS," "Review order signed by judge," "Review stipulation and order re: extension signed by judge," "Check docket for accurate filing," "Review order by judge re: reassignment," and "Review judgment." (Id. at 2-4.) As one judge of this court has observed:

> While the Court appreciates the need for counsel to review court orders and the docket, the total amount billed for reviewing the documents above is unreasonable when each event is recorded as a discrete six-minute event. Multiple 0.1 time entries for review of single-page documents in the record, such as notices and minute orders, resulted in an unreasonable accumulation of time.
>
> Review of the documents listed above by a practitioner thoroughly familiar with social security appeals in this district should require no more than two to three minutes per task, particularly because the electronic docket system provides counsel with email notices of docket activity and a link to any document filed; thus, an attorney does not even have to log into CM/ECF to view the docket entry. While these activities do take time, billing judgment must be exercised in reviewing the accumulation of 0.1 billing entries and comparing such entries to the time actually expended performing these tasks.

Green v. Astrue, No. 1:10-cv-00935-AWI-SKO, 2012 WL 1232300, at *3-4 (E.D. Cal. Apr. 12, 2012).

Based on a review of the activities described in the billing entries, the undersigned finds that only 0.5 hours of the time sought was reasonably expended on the listed activities. Accordingly, the number of hours for which attorney Bosavanh should be compensated should be reduced by another 0.8 hours with respect to these entries.

/////

In sum, the undersigned finds that the hours sought for the time expended by attorney Bosavanh should be reduced by a total of 1.5 hours (0.7 + 0.8 = 1.5). All the work subject to reduction was performed in 2009, 2010, and 2011. Accordingly, the hours attributed to attorney Bosahanh should be reduced by 0.5 hours at the 2009 billing rate, 0.5 hours at the 2010 billing rate and 0.5 hours at the 2011 billing rate.

Under this calculation, the work attributable to attorney Bosavanh should be compensated at the applicable rates for 0.9 hours expended in 2008 ($172.85 x. 0.9 = $155.56), 2 hours expended in 2009 ($172.24 x 2 = $344.48), 3.3 hours expended in 2010 ($175.06 x 3.3 = $577.69) and 10.4 hours expended in 2011 ($179.51 x. 10.4 = $1866.90), resulting in a total fee award of $2,944.63 for the time expended by attorney Bosavanh. No reduction is warranted with respect to the hours expended by attorney Baird ($179.51 x 31.6 = $5,564.81). Accordingly, plaintiff should be awarded $8,509.44 ($2,944.63 + $5,564.81) for attorney fees under 28 U.S.C. § 2412(d).

Attached to plaintiff's motion is a "Social Security Employment Agreement" assigning plaintiff's EAJA award to her attorneys. (Doc. No. 44-8 at 1.) However, the United States Supreme Court has ruled that an attorney fee award under the EAJA is payable to the litigant and is therefore subject to a government offset to satisfy any pre-existing debt owed to the United States by the claimant. Astrue v. Ratliff, ___ U.S. ___, ___, 130 S. Ct. 2521, 2526-27, 2529 (2010).

Subsequent to the decision in Ratliff, some courts have ordered payment of the award of EAJA fees directly to plaintiff's counsel pursuant to plaintiff's assignment of EAJA fees, provided that the plaintiff has no debt that requires offset. See Blackwell v. Astrue, No. CIV 08-1454 EFB, 2011 WL 1077765, at *5 (E.D. Cal. Mar. 21, 2011); Dorrell v. Astrue, No. CIV 09-0112 EFB, 2011 WL 976484, at *2-3 (E.D. Cal. Mar. 17, 2011); Calderon v. Astrue, No. 1:08-cv-01015 GSA, 2010 WL 4295583, at *8 (E.D. Cal. Oct. 22, 2010); Castaneda v. Astrue, No. EDCV 09-1850-OP, 2010 WL 2850778, at *3 (C.D. Cal. July 20, 2010). Similarly, in

recently submitted stipulations and proposed orders for the award of attorney fees under the EAJA, the parties have stipulated that, if plaintiff does not owe a federal debt, the government will consider the plaintiff's assignment of EAJA fees and expenses to plaintiff's attorneys and shall honor the assignment by making the fees and expenses payable directly to counsel. The undersigned will recommend such a provision be incorporated in the order issued by the assigned District Judge if these findings and recommendations are otherwise adopted.

## CONCLUSION

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Plaintiff's motion for attorney fees under the Equal Access to Justice Act (Doc. No. 44) be granted;

2. Plaintiff be awarded $8,509.44 for attorney fees pursuant to 28 U.S.C. § 2412(d); and

3. Defendant be directed to determine whether plaintiff's EAJA attorneys fees are subject to any offset permitted under the United States Department of the Treasury's Offset Program and, if the fees are not subject to an offset, to honor plaintiff's assignment of EAJA fees and cause the payment of fees to be made directly to plaintiff's counsel pursuant to the assignment executed by plaintiff.

These findings and recommendations will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen (14) days after these findings and recommendations are filed, any party may file written objections with the court. A document containing objections should be titled "Objections to Magistrate Judge's Findings and Recommendations." Any reply to objections shall be filed within seven days after the objections are filed. The parties are advised that failure to file

/////
/////
/////

1 | objections within the specified time may, under certain circumstances, waive the right to appeal
2 | the District Court's order.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).
3 | DATED: May 24, 2012.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:6
Ddad1/orders.soc sec/cox1384.eajafees.f&rs